IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| David Buschauer, individually and on behalf of all others similarly situated, | Civil Action No. 1:20-cv-3394 |
| Plaintiff, | **ORIGINAL CLASS ACTION COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND EQUITABLE RELIEF** |
| v. | |
| Columbia College Chicago and the Board of Trustees of Columbia College Chicago, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff David Buschauer, individually and on behalf of all others similarly situated (the "Class"), alleges the following based upon personal knowledge as to himself, and upon information, belief and the investigation of his counsel as to all other matters. Plaintiff brings this class action against Defendants Columbia College Chicago ("Columbia") and the Board of Trustees of Columbia College Chicago (collectively "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. This is a simple class action brought by Plaintiff on behalf of himself and all other undergraduate and graduate students of Columbia College Chicago, an established hands-on art and media specialty college. Plaintiff and the class paid for their Spring 2020 semester in person classes, on-campus facilities, and services in full. However, Columbia's response and policies relating the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, Plaintiff and the Class lost the benefits of in-person classroom instruction, use of Columbia's facilities, events, supplies, technologies, and other on-campus services. without having a prorated portion of the tuition and fees refunded or otherwise reimbursed to them in full and without condition.

1

2.  In response to the COVID-19 pandemic, Columbia suspended in-person classroom instruction from March 12, 2020 through April 6, 2020. There were no classes at all for three full weeks. Thereafter, Columbia unilaterally decided to change the remaining weeks of the Spring 2020 semester (April 6, 2020 through May 15, 2020) from in-classroom instruction to an online-only format, despite Plaintiff and the Class contracting and paying Columbia tuition and fees for the full Spring 2020 semester for in-person instruction and full use of on-campus facilities, services, events, technologies, and supplies.

3.  Columbia's response to the COVID-19 pandemic failed on many fronts. First, despite Columbia receiving $6,341,542 dollars in federally-allocated monies under the CARES Act, Columbia did not refund a single cent of Spring 2020 tuition or fees to Columbia students, even though it unilaterally diminished the value of in-person instruction and on-campus services by changing all classes to online and closing the campus.[1] Additionally, Columbia ceased to hold classes at all for a three-week period (March 12, 2020 through April 6, 2020) and never made up the classroom instruction time for these three weeks. Yet Columbia retained these funds without offering any refund or reimbursement of the tuition and mandatory fees paid for these three weeks.

4.  Plaintiff requested a prorated refund of his tuition and fees for March 12 through May 15, 2020 of the Spring 2020 semester, but Columbia rejected that request, and instead, directed Plaintiff on how to take out a loan during the COVID-19 pandemic.

5.  This class action simply seeks to have Columbia disgorge the prorated profits it made from its response to the COVID-19 pandemic. Plaintiff and Class were deprived of the full benefits of in person instruction, on campus facilities, college clubs and organizations, events, networking, and other experiences not only at Columbia, but in the City of Chicago. Columbia

---

[1] https://www2.ed.gov/about/offices/list/ope/allocationsforsection18004a1ofcaresact.pdf

profited off of the COVID-19 pandemic, by refusing any refunds or other reimbursements for (a) not having any classes at all for three weeks (March 12 through April 6); (b) closing on-campus facilities, services, technologies, and events for much of the Spring 2020 semester (March 12 through May 15); and (c) unilaterally changing in-person classroom instruction to online only (April 6 through May 15). Columbia chose this course of action despite accepting payment from Plaintiff and the Class for in-person instruction, the full fifteen weeks of instruction, and full use of the on-campus facilities, services, and technologies "fees" meant to cover.

## II.  JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, and costs. This Court also has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367.

7. The Court has personal jurisdiction over Defendants because they maintain their principal place of business in this District.

8. Pursuant to 28 U.S.C. §1391(b)(1), venue is proper in this District because Plaintiffs and Defendants reside in this District and are residents of Illinois.

## III.  PARTIES

9. Plaintiff David Buschauer is a resident of Lemont, Illinois.

10. Defendant Columbia College Chicago is a private university organized under the Illinois General Not for Profit Corporation Act, 805 ILCS, *et seq.*, with its principle place of business in Chicago, Illinois.

11. Defendant Board of Trustees of Columbia College Chicago's principal place of business is Chicago, Illinois. The Board of Trustees govern Columbia College Chicago.

## IV. FACTUAL ALLEGATIONS

### A. Columbia Markets a Distinct On-Campus Experience

12. Columbia College Chicago ("Columbia") is a private, nonprofit college offering a distinctive curriculum that blends creative and media arts, liberal arts, and business for nearly 7,000 students in more than 60 undergraduate and graduate programs. In addition to its distinct and dynamic courses, Columbia attracts students by marketing the campus's location in the heart of downtown Chicago's Cultural Mile to prospective students as a major selling point on its website, "The city is our campus and a major part of student life at Columbia. Chicago is our laboratory and our playground, and our students explore and sink their teeth into the vast cultural and professional opportunities that abound in this world-class city."[2] Columbia further boasts, "This isn't your traditional campus—and we think that's exciting! Columbia occupies more than 15 academic, administrative, and residence life buildings in the South Loop neighborhood, part of the city's downtown area and central business district. Campus stretches just over a mile from north to south and approximately three blocks wide. You'll find everything you need within walking distance: classes, cultural destinations, grocery stores, restaurants, and more."[3] In fact, on its website for prospective students, Columbia asserts, "There's no better way to picture yourself at Columbia than to visit campus. Its address? In the heart of downtown Chicago. Explore the area, and you'll see large-scale murals splashed across buildings; lush parks; world-renowned museums; and so much more."[4]

---

[2] https://about.colum.edu/

[3] https://www.colum.edu/campus-life/living-in-chicago/index

[4] https://www.colum.edu/admissions/visit-us/index

13. Columbia markets the downtown location of its campus to justify its high tuition costs by boasting, "Study, live, work, and play in America's third-largest city—one full of world-class culture and art, creative energy and professional opportunities. As a Columbia College Chicago student, the city is at your fingertips. Explore, collaborate, and take advantage of Columbia's connection to the creative industries in Chicago."[5] Columbia promotes itself as "one of the largest presenters of cultural events in the city, with hundreds of events crowding our calendar each year–including student performances and gallery showings, faculty and guest lectures, readings, and performances."[6]

14. Columbia also markets the educational experience as personalized with an average of eighteen students, which appeals to prospective students who want a hands-on creative experience.[7] Additionally, Columbia markets its student life and campus experience to include "more than 85 student organizations- from the Student Dance Organization to Japanese Anime and Manga," which is important to developing a well-rounded experience in college.[8]

15. Columbia operates its Fall and Spring programs on 15-week semesters. For the Spring Semester 2020, classes began January 6, 2020 and ended on May 15, 2020.

**B. Plaintiff Buschauer's Columbia Experience**

16. Columbia was Plaintiff's dream school ever since he was in middle school. Plaintiff grew up musically and artistically gifted, and was eager to employ and expand his creative talents at a prestigious art and media school like Columbia.

---

[5] https://www.colum.edu/campus-life/living-in-chicago/index

[6] *Id.*

[7] *Id.*

[8] *Id.*

17. While in high school, Plaintiff researched Columbia to see if that was truly the college that would be best for his career goals. While reviewing Columbia's website and making an on-campus visit, Plaintiff was overjoyed to see the level of hands-on learning and engagement Columbia offered to its students. Particularly, Plaintiff was wooed by Columbia's marketing of its on-campus facilities and technologies that offer students the chance to work with industry-standard equipment with the hands-on oversight of in person instructors.

18. Important to Plaintiff, Columbia represented that Plaintiff would not only be attending classes, but also would be afforded in-person networking opportunities, student organizational events, and off-campus activities, and other outings in the heart of one of America's most bustling and influential cities.

19. Plaintiff's intended pursuit of a degree in Entertainment Marketing and Music Business is best realized in the environment presented to him on marketing materials and on his in-person tour of Columbia.

20. One can imagine the delight Plaintiff and his family experienced when he received an acceptance letter from Columbia. Plaintiff is currently scheduled to graduate in May 2021 with a degree in Entertainment Marketing and Music Business.

**C.    Spring 2020 Semester**

21. Columbia largely provided Plaintiff all the opportunities, facility and faculty access, and hands-on learning experiences it promised in its marketing for the first five semesters of Plaintiff's tenure at Columbia. However, during the Spring 2020 semester, Columbia failed to provide key components of the educational experience it marketed and sold to its students.

22. Plaintiff and the Class contracted with Columbia to provide in-person instruction and access to on-campus facilities, faculty, supplies, resources, events, technologies, and services

6

for the entirety of the fifteen-week Spring 2020 semester (January 6, 2020 through May 15, 2020), paying expensive tuition and exorbitant mandatory fees.

1. **Columbia Unilaterally Changed its In-Person Classroom Instruction to an Online Format**

23. On March 12, 2020, Columbia sent an email communication to all students, facility, staff, and parents stating that Columbia was suspending all in-person classroom instruction until April 6, 2020, and cancelling all campus events starting on March 15, 2020.

24. Plaintiff and the Class paid tuition and fees for three weeks' worth of in-person class instruction and on-campus facility, supplies and services that never actually occurred in person or online from March 12, 2020 through April 6, 2020. The semester was not extended to account for this lost time.

25. Recognizing that it was failing to provide ANY education to its students, on April 6, 2020, Columbia began to offer a poor substitute for the educational experience it was obligated to provide and began offering online classes. This ill-fated *locum tenens* completely deprived students of the hands-on training, close instructor supervision, "field trips" to various locations throughout Chicago, use of campus technologies and facilities, and all of the benefits students paid to Columbia for mandatory course specific fees (Columbia titles them "Instruction Resource Fees"), such as art supplies, facility use, materials, trips, software programs, etc.

26. Moreover, once the classes resumed from the three-week class hiatus (March 12 through April 6) in their new online format, there was a continued lack of instruction for the remainder of the Spring 2020 semester. Instructors failed to come close to fulfilling the three hours of class students paid for a particular class each week. For example, prior to the transition from in-person to online, Plaintiff was receiving fifteen hours per week of course instruction, but after the transition to online, Plaintiff only received four hours per week from instructors.

27. The level of instruction also changed once the courses transitioned from in person to online; classes offered no form of lectures or question-and-answer sessions previously offered during in-person classroom sessions. Professors posted PowerPoint presentations or a chapter in the book, and students were told to submit quizzes.

28. The above examples highlight the inferior nature of online classes when compared to in-person instruction on the same course material. In-person instruction and online classes are not equal learning experiences.

**2.     Closure of Columbia's Campus and Facilities**

29. In March 2020, Columbia completely closed its campus, and prevented students from accessing its on-campus facilities and resources, including:

   a. the Student Center, which is an 114,000 square foot building featuring Columbia's fitness center, practice rooms and studios, and event halls;

   b. the campus library and the attendant computers and software programs;

   c. student housing and meal services; and

   d. the Student Health Center.

30. Additionally, the U-Pass, which was a City of Chicago public transportation pass that Columbia sold to students, was rendered useless after Columbia closed its campus and facilities because students had no need to use the U-Pass when the campus was closed for classes and facility use.

**3.     Plaintiff's Spring 2020 Tuition and Fees**

31. Plaintiff was charged $13,305 in tuition for in-classroom instruction, and an additional $3,389 in mandatory fees (no choice to opt out of these fees) for a total of $16,694 for a fifteen-week semester in the Spring of 2020. However, a full three weeks of that instruction was

8

not provided. Also, the last seven weeks of the semester were wholly inadequate, a poor simulation of the educational experience promised.

32. The $3,389 in mandatory fees that Plaintiff and the Class paid included: a $50 registration fee; $70 Health Center Fee; $150 Activity Fee; $153 U-Pass Fee; and a $150 Technology fee. Additionally, certain classes at Columbia require payment of a mandatory "Instruction Resource Fee" to account for in-person use of materials, computers, software programs, and trips. For Spring 2020, Plaintiff paid a $40 and $80 Instruction Resource Fee for a total of $120.

33. After Columbia closed its campus and facilities, Plaintiff was deprived of access to campus technologies, cameras and recorders, photography studios and equipment, welcome to makerspace, facilities, and resources such as the library, fitness center, student center, Columbia-sponsored events (manifest, showcases, networking, and speaker panels), health care center, and computer software programs despite paying a fee to use those during the Spring 2020 semester. Additionally, the $50 registration fee Plaintiff paid was for in-person classes, which were unilaterally changed to online classes. The registration fee for online classes at Columbia is generally $40.[9] Further, the U-Pass sold to students was rendered useless once campus was closed.

34. Additionally, the Instructor Resource Fees Plaintiff and the Class paid diminished in value when Columbia changed its in-person instruction to an online format because those fees went towards course-specific materials, supplies, and events that cannot be accessed or delivered remotely.

---

[9] https://online.colum.edu/course/understanding-human-cognition-in-augmented-reality-experiences/

9

35. The remote online classes were in no way comparable to the in-person instruction that was offered to Columbia students prior to the campus closure. This is especially true at a college catered for arts and media disciplines, where hands-on, in-person instruction was critical to the "experience" marketed by Columbia, and is actually necessary for Plaintiff and the Class to learn the skills necessary to be successful in their chosen fields of studies.

36. Columbia failed to refund or provide any reimbursement for fees and tuition paid for the Spring 2020 semester, except a small reimbursement for those who lived in campus housing and/or purchased a meal plan.

37. On May 22, 2020, Plaintiff emailed Columbia's Central Financial Department requesting a prorated refund for fees and tuition Plaintiff paid for Spring 2020, which Columbia rejected:

> Thank you for your email and for voicing your concerns. Columbia College Chicago is not offering tuition or fee refunds for students regarding the Spring 2020 semester because we were committed to finishing the term. I am glad you were able to finish, despite the interruption from COVID that impacted all of us.
>
> Moving forward, unless Columbia College announces a change, tuition and fees will be charged as they are posted, and our refund schedule will remain the same. Again, I know this is difficult, but we are thankful that our community has adjusted so well to these new measures of learning.
>
> Additionally, if you were in need of some more assistance, I hope you were able to apply for the Columbia CARES funds. If not, keep an eye on your student email, a new opportunity will be coming on Tuesday.

(May 22, 2020 email from Columbia to Plaintiff)

38. Columbia rejected Plaintiff's offer and suggested that he actually take out a loan through the Columbia CARES funds instead.

39. Plaintiff and the Class suffered actual harm as a result of Columbia's failure to provide the contracted for services without any refund or credit for tuition and fees.

## V. CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated as members of the class listed below:

> All persons who paid Columbia College Chicago tuition and/or fees for in-person education for the Spring 2020 Semester.

41. Subject to additional information obtained through further investigation and discovery, the foregoing Class definition may be expanded or narrowed by amendment or superseded by Plaintiff's motion for class certification.

42. **Numerosity of the Class**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that there are, accordingly, at least several thousand members in the Class. Inasmuch as the Class may be identified through business records regularly maintained by Columbia and its employees and agents, the number and identities of Class members can be ascertained. Members of the Class can be notified of the pending action by e-mail and mail and supplemented by published notice, if necessary.

43. **Commonality and Predominance of Common Questions of Law and Fact**. There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual issues include, but are not limited to whether:

   a. Defendants accepted money from the Class;

   b. Defendants were unjustly enriched by retaining the fees and/or tuition of Plaintiff and the Class without providing the services or only partially providing that the fees and/or tuition were supposed to cover;

   c. Defendants entered into a contract with Plaintiff and the Class;

   d. Defendants breached the contract with Plaintiff and the Class;

11

  e. The tuition and fees charged by Columbia for in-person instruction are commensurate to online classes at Columbia;

  f. Class members are entitled to declaratory, equitable, or injunctive relief; and

  g. Plaintiff and the Class are entitled to damages and what are the proper measure of damages.

44. **Typicality.** The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like other Class members, sustained damages arising from Defendants' conduct as alleged herein. The representative Plaintiff and the Class were and are similarly or identically harmed by the same unfair and pervasive pattern of misconduct engaged in by Defendants.

45. **Adequacy.** The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

## VI. COUNT I
### Breach of Contract

46. Plaintiff and the Class repeat and re-allege the allegations in Paragraphs 1 through 45 above, as if fully alleged herein.

47. Plaintiff and the Class entered into binding contracts with Defendants, which provided that Plaintiff and the Class would pay tuition and fees to Columbia, in exchange for on-campus educational in-person instruction, use of on-campus facilities, technologies, services, access to events, and college resources.

48. As part of their contracts with Columbia, and in exchange for adequate consideration that Plaintiff and members of the proposed Class provided, Defendants promised to provide in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester.

49. Defendants failed to provide the in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester that they were obligated to perform under their contracts with Plaintiff and the proposed Class. Defendants have retained tuition and fees paid by Plaintiff and the Class for the Spring 2020 semester without providing them the promised benefits, which is a breach of contract.

50. By contrast, Plaintiff and other members of the Class fulfilled their end of the bargain when they paid money for their full tuition and fees for the Spring 2020 semester for in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester.

51. The tuition and fees that Plaintiff and the Class paid were intended to cover in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester, from January 6, 2020 through May 25, 2020.

52. Defendants failed to provide the services due under the entire time period of January 6, 2020 through May 25, 2020. From March 12, 2020 through April 6, 2020, Columbia suspended all classes and never made up these three weeks of instruction. From April 6, 2020 through May 15, 2020, Columbia unilaterally changed the in-person instruction to an online format. Yet Columbia improperly retained the fees and tuition Plaintiff and the proposed Class paid for the tuition and fees, without providing them the services and other benefits due under the contract, which is a breach of contract.

53. Plaintiff and members of the Class suffered damage as a direct and proximate result of Defendants' breaches, including being deprived of the in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester that they were promised. They are entitled to damages, including but not limited to, prorated reimbursement of the tuition, fees, and other expenses that were collected by Defendants for services that Defendants failed to fully deliver.

54. Defendants' performance under the contracts is not excused because of COVID-19. Even if performance were excused or impossible, Defendants would nevertheless be required to return the funds received for services and/or goods that were not provided.

### VII. COUNT II
### Restitution Based on Quasi-Contract

55. Plaintiff and the Class repeat and re-allege the allegations in Paragraphs 1 through 45 above, as if fully alleged herein.

56. Plaintiff and the Class bring this claim in the alternative to the breach of contract claim in Count I.

57. Plaintiff and the Class conferred a benefit on Defendants in the form of payments of tuition and required fees to Defendants at the expense of Plaintiff and other members of the Class for in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester.

58. Defendants unjustly retained the benefit paid by Plaintiff and the Class despite their failure to provide in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the entirety of the Spring 2020 semester, to the detriment of Plaintiff and the Class.

…

59. Plaintiff and the Class did not receive the full benefit of the bargain from Defendants, and as a result, suffered harm from a failure to receive in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the entirety of the Spring 2020 semester.

60. There is no justification or cause for Defendants' failure to return the portion of the tuition and fees that Defendants have unjustifiably retained despite their failure to complete the services for which Plaintiff and the Class provided the funds to Defendants. Defendants' retention of such funds therefore violates fundamental principles of justice, equity, and good conscience.

61. Accordingly, Defendants have been unjustly enriched and should pay as restitution a prorated portion of the funds that Plaintiff and the Class paid for tuition and fees.

## COUNT III
## Conversion

62. Plaintiff and the Class repeat and re-alleges the allegation in Paragraphs 1 through 45, above, as if fully alleged herein.

63. Plaintiff and the Class have a right to the in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester they were supposed to be provided in exchange for their payments of tuition and fees to Defendants.

64. Defendants intentionally interfered with the rights of Plaintiff and the other members of the proposed Class when they retained fees intended to pay for in person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester, while unilaterally moving all classes to an online, remote learning format and discontinuing access to on-campus technologies, facilities, events, resources, and supplies during the Spring 2020 semester, for which Plaintiff and the members of the proposed Class had paid.

65. Defendants deprived Plaintiff and other members of the Class of their right to access of in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester toward which their tuition and fees were intended to be applied.

66. Plaintiff requested that Columbia issue partial tuition and fee reimbursements for the Spring 2020 semester.

67. Defendants' retention of the fees paid by Plaintiff and the other members of the Class without providing the in-person instruction and on-campus services, technologies, facilities, events, resources, and supplies during the Spring 2020 semester for which they paid deprived Plaintiff and the Class of the benefits for which the fees were paid. This interference with the services for which Plaintiff and the other members of the Class paid damaged Plaintiff and the Class in that they paid fees for services that were not and will not be provided.

68. Plaintiff and the other members of the Class are entitled to the return of prorated portion of their tuition and fees paid for the Spring 2020 semester.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of the members of the Class, respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

   a. Certifying the Class under Rule 23 as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel;

   b. Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

   c. Declaring that Defendants wrongfully kept the monies paid by the Class;

    d.    Awarding injunctive relief as permitted by law and equity;

    e.    Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

    f.    Awarding pre- and post-judgment interest on any amounts awarded; and

    g.    Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted June 9, 2020.

    VARNELL & WARWICK, P.A.

    /s/ Matthew T. Peterson
    Matthew T. Peterson, ARDC No. 6321290
    Janet R. Varnell, *pro hac vice forthcoming*
    1101 E. Cumberland Ave., Ste. 201H, #105
    Tampa, Florida 33602
    T: 352-753-8600
    F: 352-504-3301
    *mpeterson@varnellandwarwick.com*
    *jvarnell@varnellandwarwick.com*
    *kstroly@varnellandwarwick.com*

    Gregory P. Smith, *pro hac vice forthcoming*
    OLDHAM & SMITH, PL.
    P.O. Box 1012
    Tavares, FL 32778
    T: 352-343-4090
    F: 352-742-4900
    *greg@oldhamsmith.com*
    *john@oldhamsmith.com*
    *joy@oldhamsmith.com*

    ***Counsel for Plaintiff***